United States District Court
District of Massachusetts

_____
                                   )
DAVID EARL WATTLETON,              )
        Plaintiff,                 )
                                   )
        v.                         )   Civil Action No.
                                   )   10-10845-NMG
HARLEY LAPPIN, et al.,             )
        Defendants.                )
_____)

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff David Earl Wattleton brings this suit seeking injunctive relief against defendants Harley Lappin, the Director of the Federal Bureau of Prisons ("BOP") and "Mr. T. Marshal", the Director of the United States Marshal Service ("the U.S. Marshal").  Wattleton alleges that BOP and the U.S. Marshal are violating his right to access the courts by refusing to transport his legal documents and materials necessary for an active court case, in violation of 28 C.F.R. § 553.14(a)(1), and by refusing to forward his mail, in violation of 28 C.F.R. § 540.25(g).

I.  **Factual Background**

On June 8, 2000, in the United States District Court for the District of Georgia, Wattleton was found not guilty by reason of insanity of using a telephone to willfully make a threat and maliciously convey false information, in violation of 18 U.S.C.

-1-

§ 844(e).  United States v. Wattleton, 110 F. Supp. 2d 1380 (N.D. Ga. 2000).  The Court committed him to the custody of the Attorney General for care and treatment.  He is currently in the custody of the Fort Devens Federal Medical Center in Ayer, Massachusetts ("FMC Devens").

Wattleton alleges that, on February 1, 2008, the defendants refused to permit him to transfer any of his legal documents or mail to the Atlanta City Detention Center ("ACDC") where he was temporarily located.  As a result, he was unable to give the clerk his change of address, did not receive notice of the denial, on February 23, 2008, of his Fed. R. Civ. P. 60(b) motion in the Northern District of Georgia, Case No. 99-00599, did not file a timely notice of appeal and lost his right to appeal that decision.  Wattleton suggests that the defendants' motive was to protect BOP doctors from litigation arising from their alleged falsification of the plaintiff's diagnosis and treatment.

Wattleton seeks unspecified money damages and an injunction ordering the defendants to review their policies on temporary inmate transfer and to ensure that his right of access to the courts will not be violated in the future.  He has also moved for a preliminary injunction ordering the defendants to provide him with access to his legal documents.

**II.  Procedural History**

Plaintiff filed his complaint on June 17, 2009 in the United

States District Court for the District of Columbia.  On December 2, 2009, Wattleton moved for a preliminary injunction to enjoin the defendants from delaying or refusing to submit his mail to the United States Postal Authorities and to deliver his incoming mail.  The motion was denied.

Meanwhile, on December 7, 2009, the defendants filed a motion for dismissal, summary judgment or a more definite statement which the plaintiff opposes.  Wattleton then filed a motion for a continuance of the defendants' motion to dismiss pending discovery which the defendants oppose.  In April, 2010, the case was transferred to the District of Massachusetts and assigned to this Session.  Subsequently, on October 15, 2010, Wattleton filed a motion for injunctive relief which the defendants oppose.

III. **Defendants' Motion to Dismiss or for Summary Judgment**

The defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), (3) and(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  They also move for a more definite statement in the event that the Court denies the motion to dismiss.  Because matters outside the pleadings have been submitted for review, the Court treats the defendants' motion as a motion for summary judgment. See Wells v. S.C. Dep't of Corr., No. 4:05-2321, 2007 WL 120833, at *2 (D.S.C. Jan. 10, 2007).

**A. Summary Judgment Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

A federal court must liberally construe pleadings filed by pro se litigants. See Cruz v. Beto, 405 U.S. 319 (1972).

**B.  Plaintiff's Motion for a Continuance**

Wattleton moves for a continuance of the defendants' motion for summary judgment pending discovery. He states that he would like to obtain affidavits from a FMC Devens mailroom official, Mr. Amica, and from the defendants. He expects the affidavits to show that there is a widespread practice of refusing to forward inmates' incoming legal mail from the courts in order to thwart their litigation. Because, as explained below, Wattleton has failed to raise a genuine issue of material fact as to whether the defendants caused him actual injury, the Court concludes that the requested discovery would be futile and will deny plaintiff's motion.

**C.  Exhaustion of Administrative Remedies**

The defendants maintain that Wattleton has not exhausted his administrative remedies by submitting an internal complaint with the BOP with respect to the allegations raised in this case. The Prison Litigation Reform Act of 1995 ("PLRA") provides that prisoners must exhaust administrative remedies before bringing an

action in federal court. 42 U.S.C. § 1997(e); Booth v. Churner, 532 U.S. 731, 733-34 (2001). The PLRA does not, however, apply to someone who, like the plaintiff, is civilly committed. Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003); King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999). As a result, Wattleton need not show that he exhausted his administrative remedies.

### D. Mail Forwarding

First, Wattleton's claim that his mail was not forwarded to ACDC is barred by this Court's decision in Wattleton v. Bollinger, Civ. A. No. 09-40116, at *7 (D. Mass. July 10, 2009). In Bollinger, this Court dismissed Wattleton's claim for denial of right of access to the courts because he failed to allege sufficiently actual injury. In that case, he alleged that the Eleventh Circuit Court of Appeals denied his appeal because the defendants failed to provide him with the option of having his mail forwarded temporarily to the ACDC. This Court held that such an allegation did not constitute actual injury because

> the Court cannot infer any connection between the library and mail policy of which Wattleton complains and the defendants' failure to forward his mail to Georgia.

Id.

The doctrine of collateral estoppel, or issue preclusion, bars Wattleton from re-litigating whether he had an excuse for missing the filing deadline for his Eleventh Circuit appeal. For

an issue to be precluded it must have been 1) actually litigated and resolved, 2) in a valid court determination and 3) essential to that prior judgment. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Given that Wattleton has already litigated the mail forwarding issue and this Court has already resolved it, the doctrine of issue preclusion bars Wattleton from raising that issue again in this case.

**E.   Causation of Actual Injury**

With respect to Wattleton's claim that he was denied access to his legal materials, the Court will allow the defendants' motion for summary judgment because, even viewing the record in the light most favorable to the plaintiff, there is no evidence from which a jury could reasonably find that the defendants caused Wattleton actual injury.

In order to prevail on a claim for a denial of the constitutional right of access to the courts, a plaintiff must prove that the failure to provide access resulted in actual injury. Lewis v. Casey, 518 U.S. 343, 348 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)); see also Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) ("[O]nly if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."). Here, the docket in Wattleton's Northern

District of Georgia case demonstrates that the defendants did not prejudice his appeal in that case.

First, the Northern District of Georgia found that Wattleton's failure to file timely was not due to excusable neglect. On September 15, 2008, Wattleton filed a notice of appeal with respect to several of the District Court's rulings, including his Rule 60(b) motion. The notice was untimely and, on December 22, 2008, the Eleventh Circuit remanded Wattleton's appeal for the purpose of determining whether Wattleton's appeal should be reopened despite its untimeliness. Fed. R. App. P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal if the moving party shows excusable neglect or good cause for failing to timely file a notice of appeal. United States v. Wattleton, No. 08-15363 (11th Cir. Dec. 22, 2008). On January 23, 2009, the Northern District of Georgia found no excusable neglect in Wattleton's case. In light of that finding, the Eleventh Circuit dismissed Wattleton's appeal on February 19, 2009. Wattleton then filed for a writ of Certiorari with the United States Supreme Court which was denied on June 8, 2009.

Wattleton should have raised the arguments that he proffers in this case, i.e. his alleged inability to receive his legal materials and mail, when the issue of excusable neglect was before the Georgia court. If he did raise those arguments, the

Georgia court found them unpersuasive and re-litigation of that issue is barred by the doctrine of issue preclusion.

Second, the docket in the Georgia case shows that Wattleton filed a notice of a change of address on March 17, 2008. Thus, his notice of appeal, filed on September 15, 2008, was six months after he recorded his change of address with the court and almost seven months after the court's February 23, 2008 judgment. In the intervening months, Wattleton filed numerous motions. As such, it is difficult to accept that Wattleton did not know about the February, 2008 judgment. Even if he was unaware of that judgment until 180 days later, Wattleton still inexplicably delayed filing his notice of appeal for another two months. Thus, no reasonable jury could find that the defendants caused Wattleton to file his notice of appeal late and the Court will allow the defendants' motion for summary judgment.

### IV. **Plaintiff's Motion for Injunctive Relief**

To the extent that the plaintiff claims that the defendants are currently denying him access to the courts, he alleges the same injury as above. As previously explained, no reasonable jury could find that such injury was caused by the defendants. Moreover, the defendants have proffered evidence that legal papers were delivered to Wattleton on September 30, 2010. As a result, plaintiffs motion for a preliminary injunction will be denied as moot.

**ORDER**

In accordance with the foregoing,

1) defendants' motion to dismiss or for summary judgment (Docket No. 14) is **ALLOWED;** and

2) plaintiff's motions for a continuance and for injunctive relief (Docket Nos. 22 and 29) are **DENIED.**

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated May 2, 2011